No. 4588.

### BROADDUS, BETTIS & CO. *v.* NOLLEY, ANDREWS et als.

It is no defense to a suit to plead that the plaintiff had said to the defendant that he would discontinue his suit if some other creditor would do the same. Such a promise would neither discharge the debt nor bar the action, because an agreement without consideration is not obligatory.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough,* J. *Thomas P. Farrar,* for plaintiffs and appellants. *Wells & Rainey* and *E. D. Farrar,* for defendants and appellees.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J. The plaintiffs appeal from the judgment rejecting their demand against the defendants, the sureties on the bond to release the property sequestered in the case of the plaintiffs against Neely & Herrin, No. 681, on the docket of the district court, parish of Madison.

The defense is, that at the time of the sequestration, the property (the cotton) of Neely & Herrin was under provisional seizure to pay the rent of the place on which it was raised; it was released on bond in both cases, the defendants being the securities on said bonds; that J. C. Bettis, of plaintiffs' firm, stated to Andrews, of defendants' firm, that he was forced to sequester on account of the said provisional seizure, and that if he would induce the plaintiff in the provisional seizure case to dismiss or withdraw his suit, that Broaddus, Bettis & Co., would do the same; that Andrews accordingly paid the plaintiff in the provisional seizure case, and his suit was dismissed, and he notified Bettis thereof, who again consented to dismiss his suit; that nothing was done at the fall term of 1870 on account of this agreement; that in February, 1872, the plaintiffs in the case against Neely & Herrin caused judgment to be entered contrary to and in utter violation of said agreement.

This defense is supported by the testimony of Andrews and Neely, and it is flatly contradicted by Bettis, who swears he never made any agreement with Neely or Andrews in regard to the sequestration suit; that "as for making any agreement to take Neely for the debt and releasing Andrews and others on the bond, when I knew he was insolvent, would have been absurd." The statements of Andrews and Neely are highly improbable, because no prudent man having his debt secured by the bond would consent without consideration to dismiss his suit and look for payment to an insolvent. But assuming the truth of testimony of Andrews and Neely, we are of opinion that the defense must fail. It is no defense to a suit to plead that the plaintiff had said to the defendant he would discontinue his suit if some other creditor would do the same. Such a promise would neither discharge

the debt nor bar the action, because an agreement without considera-- tion is not obligatory.

The defendants, the sureties upon the release bond, do not pretend that the judgment against their principals is not correct, nor do they deny their suretyship.

It is therefore ordered that the judgment appealed from be annulled, and it is ordered that the plaintiffs recover judgment against the defendants, *in solido*, for sixteen hundred and seventy-four dollars and seventy-three cents, with five per cent. per annum interest thereon from fifteenth November, 1870, subject to a credit of six hundred and sixty-five dollars and fifty-three cents, on the fifteenth of January, 1871. It is further ordered that plaintiffs have judgment against the defendants for one hundred dollars, the amount of costs of said suit against Neely and Herrin, and that they pay costs of this suit.